IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cr-30032 |
| ) | |
| JEFFERY WILFORD, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jeffery Wilford's Amended Motion for Compassionate Release (d/e 37) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On April 10, 2017, Defendant pled guilty to distributing a substance containing heroin in violation of 21 U.S.C. § 841(a)(1), as charged in Count Two of the Indictment.  On August 14, 2017, the Court sentenced Defendant to 94 months' imprisonment and 7 years of supervised release.  Counts One, Three, Four, and Five of the Indictment were dismissed at Defendant's sentencing.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant's criminal history includes convictions for burglary, unlawful use of a weapon, resisting a peace officer, and aggravated battery. PSR (d/e 26), ¶¶ 64, 77, 83, 87, 92-93. Defendant was classified as a career offender under the United States Sentencing Guidelines. Id. ¶ 55.

Defendant is currently incarcerated at FCI Schuylkill and has a projected release date of December 21, 2022. As of July 30, 2020, the Bureau of Prisons (BOP) reports that FCI Schuylkill currently has one confirmed case of COVID-19. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed July 30, 2020).

On July 14, 2020, Defendant filed a pro se motion for compassionate release (d/e 35) pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 16, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. Defendant, who is 61 years old, requests compassionate release based on his health issues and the COVID-19 pandemic. Defendant suffers from hypertension and claims to have liver damage from a disease that

has gone into remission. While in BOP custody, Defendant has completed a six-month drug abuse program and has participated in vocational training and the UNICOR work program.

Defendant proposes to live with his brother-in-law if released from custody. The United States Probation Office, in a Memorandum (d/e 41) addressing Defendant's request for compassionate release, concludes that Defendant's brother-in-law's house is a suitable residence for Defendant. However, the Memorandum notes a concern about Defendant's long-term housing, as his brother-in-law is dealing with a serious health issue. The Memorandum also notes that Defendant was sanctioned by the BOP in October 2017 and July 2018.

On July 21, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 42). The Government argues that Defendant's request for compassionate release should be denied because Defendant is housed in a BOP facility with just one confirmed case of COVID-19, has an extensive criminal history, and was sentenced as a career offender.

On July 27, 2020, Defendant filed a Reply to the Government's Response to Defendant's Amended Motion for Compassionate

Release and Supplemental Exhibit (d/e 43). In the reply, Defendant notes that he was hospitalized in June 2016 with chest pain and shortness of breath and diagnosed with unstable angina. Testing ruled out coronary artery disease.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and

state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment. Defendant is 61 years old, which places him at greater risk of severe illness from COVID-19 than someone who is younger than 60. See Older Adults and COVID-19, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 30, 2020). In addition, Defendant suffers from hypertension. The CDC has taken the position that hypertension may increase the risk that COVID-19 poses to an individual. Certain Medical Conditions and Risk for Severe COVID-19 Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 30, 2020).

However, FCI Schuylkill has only one confirmed case of COVID-19. And although Defendant had a serious episode with his heart in June 2016, his medical records indicate that his

hypertension is the only heart-related health issue with which he is currently dealing.

In addition, Defendant has an extensive criminal history that includes convictions for burglary as well as offenses involving the use of violence against others. Defendant's release would pose a serious danger to the community. And given the health issues of Defendant's brother-in-law, the Court has concerns about the long-term suitability of Defendant's release plan. The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jeffery Wilford's Amended Motion for Compassionate Release (d/e 37) and Defendant's pro se motion for compassionate release (d/e 35) are DENIED.

ENTER: July 30, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE