IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-30032 |
| | ) | |
| **JEFFERY WILFORD,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jeffery Wilford's second pro se (d/e 47) and amended motion for compassionate release (d/e 50) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On April 10, 2017, Defendant pled guilty to distributing a substance containing heroin in violation of 21 U.S.C. § 841(a)(1), as charged in Count Two of the Indictment. On August 14, 2017, the Court sentenced Defendant to 94 months' imprisonment and 7 years of supervised release. Counts One, Three, Four, and Five of

the Indictment were dismissed at Defendant's sentencing.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant's criminal history includes convictions for burglary, unlawful use of a weapon, resisting a peace officer, and aggravated battery. See PSR, d/e 26, ¶¶ 64, 77, 83, 87, 92-93. Defendant was classified as a career offender under the United States Sentencing Guidelines. Id. At ¶ 55.

Defendant is currently incarcerated at FCI Schuylkill and has a projected release date of December 21, 2022. As of January 25, 2021, the Bureau of Prisons (BOP) reports that FCI Schuylkill currently has 10 inmates and 14 staff members with active cases of COVID-19. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed January 25, 2021).

On July 14, 2020, Defendant filed a pro se motion for compassionate release (d/e 35) pursuant to 18 U.S.C. § 3582(c)(1)(A). On July 16, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended motion for compassionate release (d/e 37) was filed.

Defendant sought compassionate release based on his health issues and the COVID-19 pandemic. At the time of filing his first motion for compassionate release, Defendant suffered from hypertension and claimed to have liver damage from a disease that has gone into remission. On July 30, 2020, the Court denied Defendant's first pro se motion and amended motion for compassionate release. See Opinion, d/e 46. The Court found that Defendant had not presented extraordinary and compelling reasons to warrant a reduction in his term of imprisonment. While Defendant is over the age of 60 and has hypertension, which may place him at an increased risk of severe illness from COVID-19, his conditions did not amount to extraordinary and compelling reasons warranting compassionate release. Moreover, FCI Schuylkill only had one confirmed case of COVID-19 at that time. A reconsideration of the 18 U.S.C. § 3553(a) factors also concluded that Defendant was not entitled to compassionate release.

On December 29, 2020, Defendant filed a second pro se motion for compassionate release. See d/e 47. Thereafter, Defense counsel filed an amended motion for compassionate release. See d/e 50. Defendant again argues that his health conditions

combined with the COVID-19 pandemic warrant compassionate release. Defendant contends that FCI Schuylkill is now facing a COVID-19 outbreak, which was not present during consideration of his first motion for compassionate release. Moreover, Defendant complains of the same health issues as previously argued, including his age, hypertension, potential liver damage from Hepatitis C that is in remission, and previous chest pains. Now, Defendant also argues that he is clinically obese.

On January 15, 2021, the Government filed a response objecting to Defendant's second motion for compassionate release. See d/e 55. The Government argues that Defendant is not entitled to compassionate release because of Defendant's dangerousness to the community and his extensive criminal history, including being sentenced as a career offender.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. §

3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Government did not raise the issue of exhaustion. Therefore, any argument that Defendant failed to exhaust pursuant to 18 U.S.C. § 3582(c)(1)(A) is waived. See United States v. Sanford, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. 2021) (finding that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a mandatory claim-processing rule and noting that "[i]f properly invoked, mandatory claim-processing rules must be enforced."); United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of

the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

The Court notes that FCI Schuylkill currently has 10 inmates and 14 staff members with active cases of COVID-19 as of January 25, 2021. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed January 25, 2021). However, the facility has made strides in combating the disease. As of January 25, 2021, 244 inmates and 5 staff members have recovered from COVID-19 at the facility. Id. When defense counsel filed the amended motion on January 6, 2021, the facility had 54 inmates and 13 staff members with active infections. See d/e 50, p. 2.

Defendant is 61-year-old male and complains of hypertension, for which he takes medication, potential liver damage from Hepatitis C that is in remission, and chest pains in 2016, which the Court previously considered when ruling on Defendant's first motion for compassionate release. See Opinion, d/e 46. Defendant now argues he is obese. Based on the medical records, Defendant

has a BMI of 33.5 due to his weight of 261 pounds and a height of 6'2". See d/e 52, pp. 20, 26.  The CDC has taken the position that being clinically obese does place Defendant at an increased risk that COVID-19 poses to an individual and hypertension may increase the risk that COVID-19 poses to an individual.  See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed January 25, 2021).  Although Defendant had a serious episode with his heart in June 2016, his medical records indicate that his hypertension is the only heart-related health issue with which he is currently dealing.

In addition, the Court again finds Defendant is not entitled to compassionate release after reconsideration of the 3553(a) factors. Defendant poses a serious danger to the community if released. Defendant has an extensive criminal history that includes convictions for burglary as well as offenses involving the use of violence against others, which resulted in Defendant being sentenced as a career offender.  Moreover, Defendant is classified by BOP as having a high risk for recidivism.  See d/e 48, p. 1.  The

Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jeffery Wilford's second pro se motion (d/e 47) and amended motion for compassionate release (d/e 50) are DENIED.

**ENTER:  January 27, 2021**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**